```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
                                        :
UNITED STATES OF AMERICA                :
                                        :
        v.                              :
                                        :    99-CR-6089CJS
DENNIS FORBES,                          :
                                        :
                Defendant.              :
                                        :
```

**GOVERNMENT'S SENTENCING MEMORANDUM ON REMAND**

**I.   THE COURT SHOULD NOT RESENTENCE THE DEFENDANT**

In its mandate issued in this case on November 10, 2005, the Second Circuit remanded the case to this Court for further proceedings in conformity with United States v. Crosby, 397 F.3d 103 (2d Cir. 2005).  That case requires this Court to make a threshold determination, after obtaining the views of counsel, "based on the circumstances at the time of the original sentence, *whether* to resentence, after considering the currently applicable statutory requirements as explicated in *Booker/Fanfan* and [*Crosby*]."  397 F.3d at 120 (original italics).  If the Court decides to resentence, determination and imposition of the new sentence will have to comply with all applicable sentencing requirements, i.e., Fed. R. Crim. P. 32, the Sentencing Reform Act

of 1984, United States v. Booker, --- U.S. ---, 125 S.Ct. 738 (2005) ("Booker/Fanfan"), and Crosby.  Id., 397 F.3d at 118 n.20, 120.

Following Booker, district courts remain under a "continuing duty to 'consider' [the Guidelines], along with the other factors listed in [18 U.S.C. § ] 3553(a)."  Crosby, 397 F.3d at 111. Moreover, "[t]he applicable Guidelines range is normally to be determined in the same manner as before Booker/Fanfan."  Id. at 112.  In essence, the Court "is permitted to take a fresh look at the relevant facts and the Guidelines."  United States v. Ameline, 409 F.3d 1073, 1085 (9th Cir. 2005).

II. **THE ORIGINAL SENTENCE WAS REASONABLE**

    **A. The Original Sentence**

On January 15, 2002, this Court sentenced the defendant upon the trial conviction in this case to concurrent terms of life imprisonment on Counts One and Three, a total fine in the amount of $2,000 ($1,000 on Count One and $1,000 on Count Three) and a total special assessment in the amount of $200.  At sentencing, this Court granted the government's motion to dismiss Count Two in this

case.[1]  In determining the sentence, the Court determined a base offense level of 38, a 2-level increase for the specific offense characteristic for gun possession, a 4-level upward adjustment for role as an organizer/leader, and a 1-level upward adjustment for employing a minor in the offense pursuant to Sentencing Guideline Section 2D1.2(a)(2), resulting in a total offense level of 45.

While the Sentencing Guidelines have been rendered advisory, district courts must consult and consider the Guidelines when imposing sentence, and appellate courts will review sentences for "reasonableness" in light of the Guidelines and other statutory sentencing objectives.  United States v. Gonzalez, 407 F.3d 118, 123 (2d Cir. 2005).  The current remand is "for the limited purpose of affording the district court the opportunity to consider whether to resentence," id. at 125, now fully informed of the new sentencing regime, and, in "undertaking this determination, the district court will be guided by its previous Guidelines calculation."  Id. at 124.

---

[1] Forbes also was sentenced on Case Number 99-CR-6084CJS by this Court on January 15, 2002.  Forbes received a sentence on that case of 120 months imprisonment (to be served concurrently to the life sentence received on Indictment 99-CR-6089), to be followed by a term of supervised release of 3 years.  The district court ordered a fine in the amount of $1,000 and a special assessment in the amount of $100.

3

The Second Circuit's post-Booker opinions have held that the "applicable Guidelines range is normally to be determined in the same manner as before Booker/Fanfan," Crosby, 397 F.3d at 112, and have reaffirmed both that "the sentencing judge is entitled to find all of the facts appropriate for determining either a Guidelines sentence or a non-Guidelines sentence," id. at 112-13, and that fact-finding at sentencing should be done using a preponderance of the evidence standard.  Refusing to require that factual ambiguities affecting sentencing always be resolved in a defendant's favor, the Second Circuit has stated: "Such a mandate would straightjacket a district court in exercising it authority -- that endures post-Booker -- to resolve disputed facts by a preponderance of the evidence when arriving at a Guidelines sentence." Gonzalez, 407 F.3d at 125 (drug weight determination does not implicate the rule of lenity).

**B.  The Government's Position**

Considering the trial evidence, the jury's findings and the PSR's conclusions, the Court conservatively and "carefully" [1/15/02 Tr. 47-48] determined defendant's guideline range at the original sentencing. As a consequence, this Court having obviously and carefully exercised its discretion when defendant was sentenced

within the guideline range which the Court determined to be appropriate, the government sees no reason for the Court now to conclude that the sentence would have been "nontrivially different," Crosby, 397 F.3d at 118 n.20, under the Booker/Fanfan regime.

**CONCLUSION**

The Court should not resentence this defendant.

Dated:   Rochester, New York
         January 20, 2006

                              KATHLEEN M. MEHLTRETTER
                              ACTING UNITED STATES ATTORNEY
                              WESTERN DISTRICT OF NEW YORK
                              620 Federal Courthouse
                              100 State Street
                              Rochester, New York 14614
                              (585) 263-6760, ext. 2234
                              [Frank.Sherman@usdoj.gov]


                         By: s/FRANK H. SHERMAN
                             FRANK H. SHERMAN
                             Assistant United States Attorney

```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

        v.
                                          99-CR-6089CJS
DENNIS FORBES,

              Defendant.
_____
```

### CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2006, I electronically filed the foregoing **GOVERNMENT'S SENTENCING MEMORANDUM ON REMAND** with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participant(s) on this case:

    M. Kirk Okay, Esquire
    cokay@rochester.rr.com


                                       s/FRANK H. SHERMAN
                                       FRANK H. SHERMAN