UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

vs.                                                                               DECISION AND ORDER

                                                                                  99-CR-6089

DENNIS FORBES,

               Defendant.

_____

**INTRODUCTION**

This matter is before the Court on the *pro se* defendant's motion for the Court to reconsider its previous order (#156) denying his application for re-sentencing. For the reasons stated below, the defendant's application is denied.

**PROCEDURAL BACKGROUND**

On November 17, 2000 after a jury trial, on Indictment # 99-CR-6089, the defendant was found guilty of the following: Count One, the Class A felony of Conspiracy to Distribute and Possess with Intent to Distribute Marihuana and 50 grams or more of Cocaine Base, in violation of 21 U.S.C. § 841(b)(1)(A) and § 846 and Count Three, the Class A felony of Use of a Minor to Distribute Marijuana and Cocaine Base, in violation of 21 U.S.C. § 46 and § 861(a)(1). Additionally, on January 24, 2001, the defendant pled guilty to Indictment # 99-CR-6084, charging him with Unlawful Possession of a Firearm by a Convicted Felon, a Class C felony, in violation of 18 U.S.C. § 922(g)(1).

On January 15, 2002, the Court sentenced the defendant to a term of imprisonment of life on Count One and Count Three of Indictment # 99-CR-6089 and a term of imprisonment of

120 months on Count One of Indictment # 99-CR-6084.  The Court directed that all terms of imprisonment be served concurrently. Additionally, the Court fined the defendant $1000 on each conviction for a total of $3000, imposed a $100 special assessment of on each conviction for a total of $300, and ordered concurrent supervised release of 3 years.

By mandate issued November 10, 2005, the Second Circuit directed that  "[i]n light of the Supreme Court's decision in *United States v. Booker*, 125 Sup. Ct. 738 (2005) and this court's decision in *United States v. Crosby*, 397 F. 2d 103 (2d Cir. 2005) Defendant-Appellant Dennis Forbes' case is remanded to the district court."

In accordance with the Second Circuit's mandate and the *Crosby* decision, the Court, after obtaining views of counsel determined, at a court appearance on January 24, 2006, that it would not impose a sentence that is "non trivially" different from the sentence it originally imposed. In fact the Court stated, after considering the requisite sentencing factors set forth in 18 U.S.C. § 3553(a) "that it would have imposed the same sentence in light of *Booker, Fanfan*, and *Crosby* as it did on January 15, 2002." (Transcript of January 24, 2006 proceeding, p.9)

## STANDARD OF LAW

*Motion to Reconsider*

The standard for deciding a motion to reconsider in the civil context is relevant for deciding a motion to reconsider in a criminal case. See *United States v. D'Armond*, 80 F.Supp.2d 1157, 1170 (D.Kan.1999). "'The standard for granting [a motion to reconsider] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Latouche v. North Country Union High School Dist*., 131 F.Supp.2d 568, 569 (D.Vt.2001) (quoting *Shrader v. CSX Transp*., Inc., 70 F.3d 255, 257 (2d Cir.1995)). Moreover, a motion to reconsider should not be granted in situations where the moving party seeks to relitigate an issue already decided. *Id.*

*United States v. Fell*,  372 F.Supp.2d 773,779  (D.Vt. 2005).

## ANALYSIS

The defendant in his *pro se* "Motion to Reconsider the Order of the District Court in Reaffirming the Defendant's Sentence on Remand by the Appellate Court" states the basis for his request as follows: "[i]n applying the preponderance of evidence which was discretionary to enhance defendant sentence defendant is asking the sentencing judge to use the same discretion now in reducing his sentence based on preponderance of the evidence that he presented to the court." *Pro se* Motion to Reconsider pp.2-3. However, he does not point out or even contend for that matter that the Court overlooked any controlling decisions or data in its *Crosby* decision denying re-sentencing.

## CONCLUSION

Accordingly, the defendant's *pro se* motion to reconsider (#158) is denied.

It is So Ordered.

DATED: Rochester, New York
       May 30, 2006

                                      ENTER.

                                      /s/ Charles J. Siragusa
                                      CHARLES J. SIRAGUSA
                                      United States District Judge