MANDATE

06-1870-cr
United States v. Forbes

99-cr-6089
W.D.N.Y. (Rochester)
Siragusa, J.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of November, two thousand and seven.

PRESENT: HON. PIERRE N. LEVAL,
HON. SONIA SOTOMAYOR,
HON. BARRINGTON D. PARKER, JR.,
  *Circuit Judges.*

United States of America,

  *Appellee,*

-v.-   No. 06-1870-cr

Dennis Forbes,

  *Defendant-Appellant.*

For Appellant-Defendant: M. KIRK OKAY, Batavia, New York.

For Appellee: FRANK H. SHERMAN, Assistant United States Attorney (Terrance P. Flynn, United States Attorney for the Western District

1

of New York, *on the brief*), Rochester, New York.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED, that the judgment of conviction is AFFIRMED.

Defendant-appellant Dennis Forbes ("Forbes") appeals from an April 12, 2006 order of the United States Court for the Western District of New York (Siragusa, J.), declining to re-sentence Forbes on remand pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). Forbes was convicted of: (1) conspiracy to distribute and possess with intent to distribute marijuana and 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846; and (2) the use of a minor to commit a drug trafficking crime in violation of 21 U.S.C. §§ 846 and 861(a)(1). He was sentenced principally to concurrent terms of life imprisonment, which fell within the applicable Sentencing Guideline range. We assume the parties' familiarity with the facts and procedural history of this case.

Forbes contends that "the district court either failed to apply the Section 3553(a) factors, or that the district court gave priority to the Guidelines calculation in its consideration of the sentencing factors." We find no merit in Forbes's challenges to his sentence, which we review for reasonableness. *See United States v. Fernandez*, 443 F.3d 19, 25-26 (2d Cir. 2006).

Here, the district court unambiguously stated in the April 12, 2006 order denying re-sentencing that it "considered the various factors set forth in 18 U.S.C. § 3553" and that "it would not impose a sentence that is 'non-trivially different' from that previously imposed." Moreover, there is no indication in the record that the district court gave undue weight to the Guidelines in relation to the balance of other sentencing factors. While no longer mandatory, the Guidelines remain an important consideration in arriving at a fair sentence and have not been rendered "a body of casual advice." *Crosby*, 397 F.3d at 113; *see also Rita v. United States*, — U.S. —, 127 S. Ct. 2456, 2464-65 (2007) (explaining that the Guidelines "seek to embody the § 3553(a) considerations, both in principle and in practice . . . [and] it is fair to assume that the Guidelines, insofar as practicable, reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.").

For the reasons discussed, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
By:

*Lucille Carr*