IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

DENNIS FORBES, 10048-055,

                  Petitioner,              08-CV-6508CJS
                                                      99-CR-6089CJS

        -vs-

UNITED STATES OF AMERICA,

                  Respondent.
_____

## GOVERNMENT'S ANSWER TO
## MOTION PURSUANT TO TITLE 28,
## UNITED STATES CODE, SECTION 2255

      The United States of America, by and through its attorneys, Kathleen M. Mehltretter, Acting United States Attorney for the Western District of New York, and Frank H. Sherman, Assistant United States Attorney, of counsel, hereby makes and files its answer to the petitioner's motion pursuant to Title 28, United States Code, Section 2255 seeking to have the Court vacate, set aside or correct his sentence.

## PROCEDURAL HISTORY

      1.  On September 16, 1999, under Case Number 99-CR-6089CJS, petitioner Forbes was charged in an Indictment with violations of Title 21, United States Code, Section 846 [conspiracy to distribute and possess with intent to distribute marijuana and 50 grams or

more of cocaine base - Count One], and Title 18, United States Code, Section 924(c) [possession of a firearm in connection with a drug trafficking crime - Count Two]. On March 23, 2000, a Second Superseding Indictment was returned in that case which, with respect to Forbes, charged the same violations. Forbes was also charged in that Indictment, a copy of which is attached hereto as Exhibit A and incorporated herein by reference, with a violation of Title 21, United States Code, Section 861 [use of a minor to commit a drug trafficking crime - Count Three].[1]

---

[1] On September 9, 1999, under Case Number 99-CR-6084CJS, Forbes had been charged in a separate, one-count Indictment with a violation of Title 18, United States Code, Section 922(g)(1) [felon in possession of a firearm or ammunition].

On January 24, 2001, without a plea agreement, but with the understanding that the government would move to dismiss the mistried Count Two of Case Number 99-CR-6089CJS after sentencing on Case Number 99-CR-6084CJS, Forbes pled guilty to that Indictment. Petitioner was represented through his guilty plea by Michael P. Schiano, Esquire.

Forbes, acting pro se, filed a motion to withdraw his guilty plea in Case Number 99-CR-6084CJS on September 26, 2001. On October 5, 2001, this Court denied the motion without a hearing. This Court thereafter assigned M. Kirk Okay, Esq., as counsel to represent Forbes with regard to sentencing.

On January 15, 2002, Forbes was sentenced in connection with the § 922(g)(1) conviction to a prison term of 120 months (to be served concurrently to the life sentence received on Indictment 99-CR-6089), to be followed by a term of supervised release of 3 years, a fine in the amount of $1,000 and a special assessment in the amount of $100.

Forbes appealed his conviction in Case Number 99-CR-6084CJS. The Second Circuit affirmed the conviction on October 17, 2003, by Summary Order found at United States v. Forbes, 78 Fed.Appx. 164 (2d Cir. 2003). Forbes filed a petition for a writ

2.    On November 6, 2000, the trial of Forbes and co-defendant Kevin Pierre on the Second Superseding Indictment in Case Number 99-CR-6089CJS began before this Court and a jury.  The trial lasted until November 17, 2000, when the jury returned a verdict of guilty against Forbes on Counts One and Three and against Pierre on Counts One and Four.  The jury was unable to reach a verdict on Count Two against Forbes.  Petitioner was represented through his trial by Michael P. Schiano, Esquire.  On June 25, 2001, this Court received and granted attorney Schiano's motion to be relieved as counsel for Forbes.

3.    On January 15, 2002, now represented by M. Kirk Okay, Esquire, Forbes was sentenced in Case Number 99-CR-6089CJS to concurrent terms of life imprisonment on Counts One and Three, a

---

of certiorari before the Supreme Court at Docket No. 03-8529.  On February 23, 2004, the Supreme Court denied the petition for a writ of certiorari in the case.  Forbes v. United States, 540 U.S. 1210 (2004).

On October 19, 2004, acting pro se, plaintiff filed a motion pursuant to Title 28, United States Code, Section 2255 seeking to have this Court vacate, set aside or correct the sentence imposed in Case Number 99-CR-6084CJS.  On May 23, 2007, this Court dismissed Forbes' motion without a hearing and declined to issue a certificate of appealability.  On February 22, 2008, the Second Circuit Court of Appeals granted plaintiff's pro se motions for a certificate of appealability and in forma pauperis status.  Forbes now has an appeal from this Court's decision and order denying his § 2255 motion in Case Number 99-CR-6084CJS pending before the Second Circuit at Docket No. 07-3130-pr.

total fine in the amount of $2,000 ($1,000 on Count One and $1,000 on Count Three) and a total special assessment in the amount of $200. After sentence was imposed on Forbes, this Court granted the government's motion to dismiss Count Two in Case Number 99-CR-6089CJS. A copy of the transcript of the sentencing proceeding is attached hereto as Exhibit B and incorporated herein by reference.

4. Forbes appealed from his judgment of conviction in Case Number 99-CR-6089CJS. The Second Circuit affirmed the conviction on January 29, 2004, in an opinion, published at 356 F.3d 478, and an unpublished Summary Order, a copy of which is attached hereto as Exhibit C and incorporated herein by reference. Forbes filed a petition in the Supreme Court for a writ of certiorari, which was granted on January 24, 2005. Forbes v. United States, 543 U.S. 1100 (2005). The judgment of the Second Circuit was vacated by the Supreme Court and the case remanded to the Second Circuit for further consideration in light of the decision in United States v. Booker, 543 U.S. 220 (2005). Following the Supreme Court's decision, the Second Circuit issued its mandate on November 10, 2005, remanding the case to this Court for further proceedings in conformity with United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), and making the disposition in the opinion and order issued on January 29, 2004, fully effective except to the extent that it was inconsistent with the Crosby remand being ordered.

5. This Court, after obtaining the views of counsel and considering all of the sentencing factors listed at 18 U.S.C. § 3553(a), declined to order resentencing as to petitioner in a decision and order dated April 12, 2006. A copy of the Court's decision and order is attached hereto as Exhibit D and incorporated herein by reference. Forbes appealed from this decision in Case Number 99-CR-6089CJS. The Court of Appeals again affirmed the conviction on November 1, 2007. United States v. Forbes, 253 Fed.Appx. 50 (2d Cir. 2007).

6. On March 18, 2008, Forbes filed a motion in this Court for retroactive application of the Sentencing Guidelines to his crack cocaine offense in Case Number 99-CR-6089CJS, pursuant to Title 18, United States Code, Section 3582(c)(2). This motion was denied by this Court on July 11, 2008. Forbes now has an appeal from this Court's decision and order denying his § 3582(c)(2) motion in Case Number 99-CR-6089CJS pending before the Second Circuit at Docket No. 09-1011-cr.

7. On November 13, 2008, Forbes filed this motion pursuant to 28 U.S.C. § 2255 seeking to have this Court vacate, set aside or correct the sentence imposed in Case Number 99-CR-6089CJS. The Motion attacks his conviction on six grounds. The first three grounds raise allegations of ineffectiveness of counsel relating to

pre-trial proceedings and the trial.  The last three grounds raise allegations of ineffectiveness of counsel at sentencing and on direct appeal.

## ARGUMENT

I. **THE DEFENDANT DID NOT RECEIVE INEFFECTIVE ASSISTANCE OF COUNSEL.**

Forbes here asserts ineffective assistance of counsel at several stages of the proceedings.  To succeed on such a claim, Forbes must show (1) that his attorney's legal representation, viewed through the prism of what was reasonable under the circumstances then presented, fell below the "prevailing professional norms," and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," i.e., that the deficient performance prejudiced the defendant.  Strickland v. Washington, 466 U.S. 668, 687-88, 693-94 (1984).  Forbes can not make the necessary showings.

### A.   Ineffective Assistance During Plea Process

Forbes acknowledges that, prior to trial, the government offered him a plea bargain that would have resulted in a twenty-

five (25) year sentence and that attorney Schiano conveyed the offer to him. Brief, at 4.[2] Forbes claims that Schiano was ineffective in his representation, however, in that he failed to advise Forbes on how to deal with the offer and did not attempt to persuade Forbes that it was in his best interest to accept the plea bargain. He further claims that he was prejudiced by this alleged ineffectiveness because, "[i]f counsel had advised Petitioner that he was on a suicide course by taking this case to trial, Petitioner would have accepted the government's proposed plea bargain." Brief, at 4-5. The record in this case does not support Forbes' claim.

The trial of this case began on November 6, 2000. This Court held a status conference with the parties on November 3, 2000, in order to confirm that there would be no resolution of the case without a trial. A copy of the transcript of that status conference is attached hereto as Exhibit E and incorporated herein by reference. At the proceeding on November 3, attorney Schiano reported to the Court that plea negotiations had occurred, but were unsuccessful. Specifically, attorney Schiano reported that Forbes

---

[2] As used in this Answer, "Brief" refers to the brief in support of his Section 2255 motion (Document 184) filed by petitioner Forbes in this case; "Trial Tr." refers to the trial transcript in Case Number 99-CR-6089CJS; and "PSR" refers to the Forbes Presentence Investigation Report, as revised on December 21, 2001.

recently had met with the government and been debriefed and had discussed a plea proposal for a sentence of nineteen (19) years. Exhibit E, at 2-3.  A copy of the proffer letter signed by Forbes at the debriefing on October 20, 2000, in the presence of his attorney, is attached hereto as Exhibit F and incorporated herein by reference.  Attorney Schiano further reported at the November 3 status conference that Forbes had been willing to accept a plea deal for a 19 year sentence, but that when the United States Attorney would only approve an agreement calling for a 25 year sentence (the combined mandatory minimum sentences for Counts One and Two), Forbes changed his mind and an agreement could not be reached.  Exhibit E, at 3.  Attorney Schiano also stated that he and Forbes had gone over the potential maximum and mandatory minimum sentences and that Forbes was "well aware" that, based upon the drug quantity alleged, he faced the possibility upon conviction of receiving a life sentence.  Exhibit E, at 6.  This possibility of a life sentence was reiterated to Forbes at this pretrial conference on November 3 by the Court, as well as by government counsel and attorney Schiano.  Exhibit E, at 8, 20-24.

Forbes relies on <u>Boria v. Keane</u>, 99 F.3d 492 (2d Cir. 1996), to argue that attorney Schiano was required to attempt to persuade him to take the deal offered by the government.  Assuming <u>arguendo</u> that Schiano never gave Forbes any advice or suggestion how to deal

with the government's plea offer, <u>Boria</u> did not establish "a <u>per se</u> rule that defense counsel must always expressly advise the defendant whether to take a plea offer." <u>Purdy v. United States</u>, 208 F.3d 41, 48 (2d Cir. 2000). Particularly in light of a defense attorney's "duty to avoid coercing a plea from an unwilling client," <u>id.</u> at 47, "reasonable professional conduct does not under all circumstances require a lawyer to give an explicit opinion as to whether a client should take a plea offer." <u>Id.</u> at 48.

The record in this case makes clear that defense counsel did confer with petitioner regarding the plea offer. Schiano accompanied Forbes to a proffer meeting with the government on October 20, 2000, for the purpose of attempting to reach a negotiated resolution of the case. <u>See</u> Exhibit F. Schiano also understood that Forbes was willing to accept a deal for 19 years imprisonment, but balked at a 25 year deal. Exhibit E, at 3. In light of petitioner's willingness to accept a deal for 19 years imprisonment, it seems obvious that he knew there was a significant risk of conviction at trial and that he did not blindly "pursue the suicidal course of going to trial," Brief, at 5, due to his counsel's deficient performance, but rather decided on trial based on a rational calculation that it was preferable to risk even a life sentence in the hope of getting an acquittal and avoiding any further incarceration instead of just agreeing to 25 years in

prison.  Moreover, unlike the situation in <u>Boria</u>, where the defendant had no "reasonable chance of acquittal," 99 F.3d at 498, it is not as clear that petitioner's best interests demanded a guilty plea.  Forbes was looking at a very long sentence even if he accepted the plea.  While the evidence against Forbes was strong, it was more complex than that against Boria, who was arrested in a buy-bust investigation after selling cocaine to an informer. Forbes was able at trial to get a hung jury on the Section 924(c) count.  While his decision to go to trial turned out to be unwise, it had a reasonable basis.

<u>Strickland</u> instructs that there is a "wide range of professionally competent assistance," and that counsel is "strongly presumed" to have provided assistance within that range.  466 U.S. at 690.  On the facts in the present case, even if Schiano never advised Forbes to plead guilty in so many words, there was no professional deficiency.  <u>See</u> <u>Purdy</u>, 208 F.3d at 46-48; <u>Ramos v. United States</u>, 2007 WL 3071185, at *2-*3 (S.D.N.Y. 2007).

Even if the first <u>Strickland</u> showing of counsel's deficient performance was made by Forbes, which is not conceded here, this Court should reject as not credible his assertion that he was prejudiced by Schiano's conduct because he would have accepted the government's plea offer if he had been properly advised by defense

10

counsel.  See Purdy, 208 F.3d at 49.  This Court's experience with Forbes in connection with his attempt to withdraw his guilty plea in 99-CR-6084CJS should make it very skeptical of Forbes' self-serving, post-conviction statement here.  The Court should find that Forbes has not met his burden of proving the "reasonable probability" that he would in fact have accepted the plea offer if Schiano had performed in the way Forbes now says he should have. Id.

### B.    Ineffective Assistance During Pretrial Motion Process

Introduced at trial as Government Exhibit 5A was a redacted version of a post-arrest statement given by co-defendant Kevin Pierre on November 5, 1999, in which Pierre admitted selling crack from 156 York Street for two years.  He admitted selling crack seven days a week and that Bugs worked at the same location. Pierre also admitted knowing of drug sales being made on Eddy Street from an upstairs apartment by Romello.  A copy of Government Exhibit 5A is attached hereto as Exhibit G and incorporated herein by reference.  As originally given to the police, Pierre's statement had named Forbes as the person Pierre was working for in the drug distribution activity.  Exhibit E, at 8-9.

As one of his omnibus pretrial motions filed on behalf of Forbes, attorney Schiano requested a severance of Forbes from his

co-defendants for trial, pursuant to Fed. R. Crim. P. 14. (Docket No. 26). That motion was denied by this Court on June 23, 2000. The motion as filed did not seek severance pursuant to <u>Bruton v. United States</u>, 391 U.S. 123 (1968), due to the possibility of prejudice at a joint trial from the introduction of Kevin Pierre's post-arrest statement. Forbes now claims that Schiano was ineffective for failing to raise the <u>Bruton</u> issue as a grounds for severance. He further claims that he was prejudiced by the introduction of Government Exhibit 5A at his joint trial with Kevin Pierre and that he is entitled to a new trial. Brief, at 5-9. These claims are meritless.

At the status conference with this Court on November 3, 2000, Schiano raised the <u>Bruton</u> issue relating to Pierre's statement specifically and explained to the Court that he had not originally thought the problem would arise when the omnibus motions were filed due to the expectation that Pierre was going to plead guilty. Exhibit E, at 4-5. As a result of Schiano raising the issue, this Court specifically reviewed and approved the redaction of the Pierre statement which was introduced at trial as Government Exhibit 5A. Exhibit E, at 5-6, 8-13. This redaction removed all reference to Forbes by name. At trial, the Court also gave the jury a limiting instruction during its charge regarding the use of Government Exhibit 5A. The jury was instructed as follows: "You

are cautioned that the evidence of each Defendant's statement to the authorities after his arrest about his own conduct may not be considered or discussed by you in any way with respect to the other Defendant on trial." Trial Tr., at 1129.

Based on the record set forth above, there was no ineffectiveness on the part of Schiano in connection with Pierre's statement. The Supreme Court has held that the Confrontation Clause is not violated, under the rationale of Bruton, by the admission of a nontestifying co-defendant's confession with a proper limiting instruction when the confession is redacted to eliminate any reference to the defendant's existence. Richardson v. Marsh, 481 U.S. 200, 211 (1987). This is true where the confession is not incriminating on its face, even if it may be when linked with other evidence introduced at the trial. Id. at 208. The redacted statement here also does not raise a Confrontation Clause problem under Crawford v. Washington, 541 U.S. 36 (2004), since Government Exhibit 5A was only offered against Pierre and the jury was explicitly instructed as to this limitation. United States v. Harris, 167 Fed.Appx. 856, 859 (2d Cir. 2006) (unpublished opinion). Absent evidence to the contrary, it is presumed that a jury understands and abides by the trial judge's limiting instructions. United States v. Downing, 297 F.3d 52, 59 (2d Cir. 2002).

In the absence of a <u>Bruton</u> or <u>Crawford</u> violation, Forbes has failed to show any deficiency in attorney Schiano's performance in connection with the introduction at trial of co-defendant Pierre's post-arrest statement. There is also no showing of prejudice due to Schiano's performance in this context. Forbes is entitled to no relief on this ground.

### C.  **<u>Ineffective Assistance During Trial Preparation Process</u>**

Petitioner alleges that attorney Schiano was ineffective by failing to interview prior to trial and call as a witness Damon Shallow. Brief, at 9-13. Forbes contends that Shallow would have exonerated him. Shallow was indicted in March 2000, along with Forbes and Kevin Pierre, as a member of the drug conspiracy charged in Count One of the Second Superseding Indictment in this case. <u>See</u> Exhibit A. Shallow pled guilty to Count Six of the Second Superseding Indictment on November 2, 2000, pursuant to a plea agreement which contained a cooperation provision. A copy of Shallow's plea agreement is attached hereto as Exhibit H and incorporated herein by reference. Shallow was not sentenced until April 24, 2001.

Whether or not to call "particular witnesses is peculiarly a question of trial strategy which courts will practically never second-guess," <u>United States ex rel. Walker v. Henderson</u>, 492 F.2d

1311, 1314 (2d Cir. 1974) (internal citations omitted); accord,
Gaskin v. United States, 591 F.Supp.2d 247, 256 (W.D.N.Y. 2008)
(Siragusa, J.), and "counsel's decision as to whether to call
specific witnesses--even ones that might offer exculpatory
evidence--is ordinarily not viewed as a lapse in professional
representation." United States v. Best, 219 F.3d 192, 201 (2d Cir.
2000) (internal citations omitted). Moreover, "even strategic
choices made after less than complete investigation do not amount
to ineffective assistance--so long as the known facts made it
reasonable to believe that further investigation was unnecessary."
Henry v. Poole, 409 F.3d 48, 63 (2d Cir. 2005) (citing Strickland,
466 U.S. at 690-91).

Attorney Schiano certainly knew that, from the return of the
Second Superseding Indictment until he was sentenced, Shallow
retained his Fifth Amendment privilege against self-incrimination.
See United States v. Londono, 175 Fed.Appx. 370, 374-75 (2d Cir.
2006) (unpublished opinion) (Fifth Amendment privilege survives
guilty plea and is not waived until defendant is sentenced).[3]
Shallow pled guilty only four days before petitioner's trial began

---

[3]
    Shallow's allegedly exculpatory affidavit relied upon by
petitioner, Brief, at 10 and Exhibit B to Brief, was signed well
after Shallow was sentenced. It supports the conclusion that
Shallow would not have been willing to testify at petitioner's
trial while his sentencing could have been affected.

and the inclusion of a cooperation provision in his plea agreement lends further credence to the reasonableness of Schiano's failure to call him as a defense witness. During the time period of the conspiracy, Shallow was found in possession of drugs and a weapon at a location alleged by the government to be run by petitioner. Brief, at 10 and Exhibit B to Brief.[4] "Petitioner's belief that [Shallow] might have provided helpful testimony is unrealistic." Gaskin v. United States, 591 F.Supp.2d at 256. Considering the known facts at the time of the trial, petitioner's claim that Schiano was ineffective for failing to interview and call Shallow lacks merit.

### D. Ineffective Assistance During the Sentencing Stage (Crack Claim)

Petitioner asserts ineffective assistance of counsel in connection with his sentencing. Brief, at 13-23. To succeed on a claim in the context of sentencing, a petitioner must show that but for counsel's alleged ineffectiveness, there was a reasonable probability that the sentence imposed would have been different. Hernandez v. United States, 2003 WL 223467, at *6.

---

[4] At his sentencing in April 2001, Shallow acknowledged under oath that he was selling drugs for Forbes out of 82 Eddy Street at the time of his arrest. Exhibit B, at 10.

Specifically, petitioner argues that he did not receive effective assistance of counsel because his sentencing counsel, M. Kirk Okay, Esquire, failed to raise various sentencing arguments that he alleges would have resulted in a lower term of imprisonment. Petitioner's claim has no merit. As explained below, the arguments advanced by petitioner do not warrant a reduction in his sentence and, accordingly, there was no ineffectiveness on the part of his counsel in failing to raise such non-meritorious points. The failure to advance a meritless argument does not fall outside the wide range of professionally competent assistance to which a criminal defendant is entitled. Aparicio v. Artuz, 269 F.3d 78, 99 (2d Cir. 2001) (quotation marks and citations omitted); United States v. Kirsh, 54 F.3d 1062, 1071 (2d Cir. 1995).

Forbes makes three separate arguments relating to the distinction between crack cocaine and cocaine base. While admittedly attorney Okay did not raise these issues at the time of sentencing, none of them is a basis for the granting of Forbes' motion. His first argument, which underlies the remaining two, is that, under 21 U.S.C. § 841(b), the term "cocaine base" means crack (exclusively). Assuming that first argument to be correct, Forbes then argues that, because the jury did not make a specific finding at trial that the cocaine involved was crack cocaine as opposed to

generic cocaine base, the government did not meet its burden of proof under § 841(b) and, therefore, this Court should have concluded that he was guilty only of the lesser included offense of cocaine possession, and should have used the Guidelines range for powder cocaine, not the cocaine base statutory minimum or the crack Guidelines range. Third, again assuming his first argument to be correct, Forbes suggests that, even using the preponderance of the evidence standard applicable at sentencing, the proof offered by the government was nevertheless insufficient to support a finding by this Court that the substance involved in his relevant conduct was crack and, therefore, he should have been sentenced using the Guidelines range for powder cocaine.

Petitioner's first argument rests on the contention that the Second Circuit's decisions in United States v. Jackson, 968 F.2d 158 (2d Cir. 1992), and United States v. Palacio, 4 F.3d 150 (2d Cir. 1993), which adopted a plain meaning approach to construction of the term cocaine base, are no longer good law. See Brief, at 22. He contends that attorney Okay should have proceeded on the belief that the Second Circuit would agree with the reasoning of United States v. Munoz-Realpe, 21 F.3d 375 (11th Cir. 1994), that the narrower definition of "cocaine base" applicable since 1993 to the Sentencing Guidelines, that is, that cocaine base equals crack cocaine only, applies equally to the statutes governing mandatory

minimum sentences found at 21 U.S.C. § 841(b). Forbes' premise is unfounded. The Second Circuit has already rejected a specific request to reconsider the broad interpretation of "cocaine base" set forth in <u>Jackson</u> and <u>Palacio</u>, suggesting that courts in the Circuit are bound to use the broad statutory definition until Congress modifies the statute or the Supreme Court resolves the circuit split in favor of the more narrow definition. <u>United States v. Snow</u>, 462 F.3d 55, 65 n.11 (2d Cir. 2006).

Since the broader definition of cocaine base is still binding in the Second Circuit, the fact that the jury did not make a specific finding at trial that the cocaine base involved was crack cocaine does not negate that the statutory maximum of life imprisonment and that the statutory minimum contained in § 841(b)(1)(A), enhanced by § 851, applied to Forbes based on the jury's verdict. <u>See</u> <u>Snow</u>, 462 F.3d at 65 (statutory definition controls the determination of the potential statutory maximum; "jury's finding that the drug involved was 'cocaine base' authorized a sentence of life imprisonment, quite apart from the offense level calculation in the guidelines.").

Forbes' third, fall-back argument, that the evidence was insufficient to allow this Court to find at sentencing, by a preponderance of the evidence, that the cocaine base involved was

crack, also has no merit.  At petitioner's sentencing, this Court
"specifically credit[ed] as reliable Kevin Pierre's statements to
the police that he sold at least $500 worth of cocaine base for you
for two years" which was the basis for the Court's conclusion that
3.5 kilograms of cocaine base (35 grams a week for 100 weeks) was
attributable to petitioner.  Exhibit B, at 6-7.  The statement of
co-defendant Pierre which the Court credited was his post-arrest
statement of November 5, 1999, which had been introduced at trial
in redacted form as Government Exhibit 5A.  See discussion supra,
at 11.  The statement read, in part, as follows: "For about two
years now, I have been hustling for Dennis Forbes, or "D."  By
hustling, I mean I sold crack cocaine for him.  I sold from a house
at 156 York Street. ... Dennis would come to 156 York Street every
day with a package of crack worth five to seven hundred dollars."
Exhibit E, at 8.  This statement alone was sufficient for this
Court to conclude by a preponderance of the evidence that the
substance which Forbes was convicted of conspiring to distribute
was crack cocaine and, thus, cocaine base under Guidelines § 2D1.1,
Drug Quantity Table note (D).

        As they are meritless, Forbes' arguments need not have been
advanced at sentencing or on direct appeal by his attorney and they
do not raise a reasonable probability that the sentence imposed on
Forbes would have been different.  Accordingly, there is no basis
for granting his present motion.

**E.    Ineffective Assistance During the Sentencing Stage
        (Due Process Claim)**

Petitioner asserts further ineffective assistance of counsel in connection with his sentencing. Brief, at 23-36. Again, to succeed on a claim in the context of sentencing, a petitioner must show that but for counsel's alleged ineffectiveness, there was a reasonable probability that the sentence imposed would have been different. Hernandez v. United States, 2003 WL 223467, at *6.

Petitioner contends that the Due Process Clause of the Fifth Amendment requires that a defendant be sentenced only in accordance with facts proved beyond a reasonable doubt. He contends that because this Court set the base offense level for his drug conspiracy offense using a drug quantity level which the Court found by a preponderance of the evidence, and because the applicability of other adjustments under the Guidelines was determined using a preponderance standard, his sentence violated the Due Process Clause.

Petitioner's contentions are wrong. The Second Circuit has made clear that "after Booker, district courts' authority to determine sentencing factors by a preponderance of the evidence endures and does not violate the Due Process Clause of the Fifth Amendment." United States v. Vaughn, 430 F.3d 518, 525 (2d Cir.

2005) (Sotomayor, J.).  The judicial authority to find facts relevant to sentencing by a preponderance of the evidence includes facts relating to drug quantity.  As long as the judge does not impose a sentence that exceeds the statutory maximum authorized by the jury verdict, or a mandatory minimum sentence under § 841(b) not authorized by the verdict, the sentencing court is not bound by the drug quantity determination reached by the jury when making its Guidelines calculation.  United States v. Ramirez, 2009 WL 909645, at *4 (2d Cir. 2009) (unpublished opinion).  Since the maximum sentence authorized by the jury verdict here was life imprisonment, this Court did not exceed due process constraints in determining a Guidelines sentencing range by finding either a drug quantity higher than the jury's determination of the statutory threshold level, or other sentencing factors, using a preponderance standard.

Since petitioner's due process violation claim does not warrant a reduction in his sentence, there was no ineffectiveness on the part of his counsel in failing to raise such a non-meritorious point at sentencing or on direct appeal.  The failure to advance a meritless argument does not fall outside the wide range of professionally competent assistance to which a criminal defendant is entitled.  Aparicio v. Artuz, 269 F.3d at 99; United States v. Kirsh, 54 F.3d at 1071.  No relief is warranted here on this ground.

**F.    Ineffective Assistance During the Sentencing Stage
        (Double Counting Claim)**


In yet another ineffective assistance of counsel claim in connection with his sentencing, petitioner claims that he was subjected to "double counting" by this Court's inclusion of a four-level role enhancement under Guidelines § 3B1.1(a) and a one-level upward adjustment under Guidelines § 2D1.2(a)(2) in his total offense level for his convictions on the grouped Counts One (21 U.S.C. § 846) and Three (21 U.S.C. § 861) in this case.  Brief, at 36-37.  Since, for the reasons set forth below, there is not a reasonable probability that the sentence imposed would have been different had counsel pursued the issue raised here, petitioner has not met his burden under <u>Strickland</u>.  <u>Hernandez v. United States</u>, 2003 WL 223467, at *6.


This Court agreed with the PSR, at ¶¶ 12 and 33, that a four-level role enhancement under Guidelines § 3B1.1(a) was appropriate because petitioner was an organizer and leader of a criminal activity that involved five or more participants.  The Court found that those participants included petitioner, Winston Banner, Kevin Pierre, Terrance Melford, Jamal McGregor and Damon Shallow.  Exhibit B, at 11-12, 46.  This Court also agreed with the PSR, at ¶ 34, that a one-level upward adjustment to the base offense level

from Guidelines § 2D1.1, pursuant to Guidelines § 2D1.2(a)(2), was appropriate based on the conviction on Count Three.  Exhibit B, at 46.

Petitioner cites <u>United States v. Stevenson</u>, 6 F.3d 1262, 1269-70 (7th Cir. 1993), for the proposition that applying the role enhancement here is double counting since the offense of conviction (in his view 21 U.S.C. § 861) already encompasses the concept of "leadership."  There are several flaws in petitioner's argument.  First, the circumstances in <u>Stevenson</u> present a very different case.  The defendant there was convicted of two charges:  21 U.S.C. § 846 (attempting to possess with the intent to distribute cocaine) and 21 U.S.C. § 845(b)(2) (the predecessor statute to 21 U.S.C. § 861) (use of a minor to commit a drug trafficking crime).  While Stevenson used a minor in his criminal conduct, that minor was not a criminally responsible participant in the drug offense.  6 F.3d at 1264, 1270.  For sentencing purposes, the offense of conviction in <u>Stevenson</u> was the 21 U.S.C. § 845(b)(2) violation, which carried a higher base offense level (26) than the drug quantity involved in the § 846 count produced.  6 F.3d at 1265, 1269.  In contrast, the § 846 count here (Count One) was clearly the offense of conviction producing the higher base offense level, with the upward adjustment for the § 861 count conviction constituting the equivalent of a specific offense characteristic.  See PSR, at ¶ 29, 30, 34.

Moreover, unlike Stevenson, where the defendant was the only criminally responsible participant in the offense conduct and the offense of conviction reflected an inherent control or leadership role, 6 F.3d at 1270, the Count One conspiracy in which Forbes participated had at least five other criminally responsible participants who worked for Forbes. See PSR, at ¶ 12. Since the Second Circuit has held that "a defendant may properly be included as a participant when determining whether the criminal activity 'involved five or more participants' for purposes of a leadership role enhancement under § 3B1.1," United States v. Paccione, 202 F.3d 622, 625 (2d Cir. 2000), petitioner was deserving of the four-level role enhancement on Count One even without considering Winston Banner, who was the minor referred to in Count Three. Since the Count One conspiracy offense did not inherently require a leadership role to find Forbes guilty, to not apply both the § 3B1.1 role-in-the-offense enhancement and the § 2D1.2 use-of-minor adjustment on the facts here would be contrary to the very purpose of adjustments recognized in Stevenson, 6 F.3d at 1270: "providing for increased responsibility beyond that reflected in the offense of conviction."

The application of both adjustments to petitioner's total offense level does not penalize him twice for the same conduct. This point is confirmed by United States v. Rivera-Maldonado, 194

F.3d 224 (1st Cir. 1999). The defendant in that case was convicted of conspiring to distribute cocaine and marijuana and of aiding and abetting the use of minors in distributing controlled substances. Id. at 227. At sentencing, the defendant's base offense level was set based on the total drug quantities involved in the offense. The court then imposed a four-level role-in-the-offense enhancement and a two-level enhancement for employing minors. Id. at 228. On appeal, since the defendant "organized the drug distribution scheme and utilized minors in furthering it," the First Circuit found the cumulative application of both adjustments to be fair and appropriate. Id. at 234-35.

Forbes has actually received a windfall of sorts by being convicted of the Count Three use-of-a-minor charge in addition to the drug conspiracy charge. The Count Three conviction authorized the use of a one-level upward adjustment to Forbes' base offense level pursuant to Guidelines § 2D1.2(a)(2). See United States v. Perez-Martinez, 75 Fed.Appx. 534, 538 (7th Cir. 2003) (unpublished opinion) (§ 2D1.2 applies only where defendant is convicted of or stipulates to a violation of 21 U.S.C. §§ 859, 860 or 861). If Forbes had been convicted only of the Count One drug conspiracy, he would have been subject both to the four-point § 3B1.1 aggravated role adjustment and a two-level upward adjustment under Guidelines § 3B1.4 for using a minor. See United States v. Lewis, 386 F.3d

475, 479-80 (2d Cir. 2004) (§ 3B1.4 use-of-a-minor adjustment can be applied to increase the offense level of the leader of a conspiracy (Harris) where that defendant is convicted of drug conspiracy charge only), and the companion summary order <u>United States v. Lewis</u>, 111 Fed.Appx. 52, 55-56 (2d Cir. 2004) (no abuse of discretion in applying leadership role adjustment to Harris' offense level).

Based on all of the above, there is not a reasonable probability that the sentence imposed would have been different had counsel pursued the issue raised here and there was, thus, no ineffectiveness of counsel in failing to raise such a non-meritorious argument at sentencing or on direct appeal.

[THIS PORTION OF PAGE LEFT BLANK INTENTIONALLY]

**CONCLUSION**

For all of the foregoing reasons, the United States of America respectfully requests that Forbes' motion be denied without a hearing. <u>Graziano v. United States</u>, 83 F.3d 587, 590 (2d Cir. 1996) (where district court finds all claims to be either clearly meritless or procedurally barred, a hearing is not required).

DATED:     Rochester, New York
           June 4, 2009.

                          Respectfully submitted,

                          KATHLEEN M. MEHLTRETTER
                          ACTING UNITED STATES ATTORNEY
                          WESTERN DISTRICT OF NEW YORK
                          620 Federal Courthouse
                          100 State Street
                          Rochester, New York 14614
                          (585) 263-6760, ext. 2234
                          Frank.Sherman@usdoj.gov


                By:  s/FRANK H. SHERMAN
                     FRANK H. SHERMAN
                     Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

DENNIS FORBES, 10048-055,

                Petitioner,               08-CV-6508CJS
                                                  99-CR-6089CJS

       -vs-

UNITED STATES OF AMERICA,

                Respondent.
_____


<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 4, 2009, I electronically filed the foregoing **GOVERNMENT'S ANSWER TO MOTION PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 2255** with the Clerk of the District Court using its CM/ECF system.


I hereby certify that on June 4, 2009, I sent, by placing a copy in the United States Mail, the foregoing **GOVERNMENT'S ANSWER TO MOTION PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 2255** to the following non-CM/ECF participant:

      Dennis Forbes
      #10048-055
      USP Allenwood
      P.O. Box 3000
      White Deer, PA  17887


                               S/FRANK H. SHERMAN_____
                               Frank H. Sherman