EXHIBIT C

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

WDNY/RONY
99-cr-6089
Siragusa

# SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 29th day of January, two thousand and four.

PRESENT:

      HON. PIERRE N. LEVAL,
      HON. ROBERT D. SACK,

            Circuit Judges,

      HON. EDWARD R. KORMAN,*

            District Judge.

(SEAL: UNITED STATES COURT OF APPEALS FILED JAN 29 2004 Roseann B. MacKechnie, CLERK SECOND CIRCUIT)

-----------------------------------------------

UNITED STATES OF AMERICA,

        Appellee,

        - v -                No. 01-1537, 02-1119

WINSTON BANNER, also known as Conroy
Porchman, also known as Cisco, DAMON
SHALLOW, also known as Romello,

        Defendants,

KEVIN PIERRE, also known as Jimmy Grant,
also known as P.B., DENNIS FORBES,

        Defendants-Appellants.

---

     * Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

```
 1                    Defendants-Appellants.

 2       ----------------------------------------

 3    Appearing for Appellants:    M. KIRK OKAY, The Okay Law Firm,
 4                                 Batavia, NY, for Defendant-
 5                                 Appellant Forbes,

 6                                 JAMES J. RIZZO, Rochester, NY, for
 7                                 Defendant-Appellant Pierre.

 8    Appearing for Appellee:      FRANK H. SHERMAN, Assistant United
 9                                 States Attorney for the Western
10                                 District of New York (Michael A.
11                                 Battle, United States Attorney, of
12                                 counsel), Rochester, NY.

13         Appeal from the United States District Court for the Western
14    District of New York (Charles J. Siragusa, Judge).

15         UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND
16    DECREED that the judgment of district court be, and it hereby is,
17    AFFIRMED.

18         Defendants-appellants Kevin Pierre and Dennis Forbes appeal
19    from a judgment of conviction dated October 15, 2001.  Pierre
20    also appeals from an amended judgment of conviction dated
21    October 30, 2001, and Forbes from a judgment of conviction dated
22    January 29, 2002.  Both were convicted under 21 U.S.C. §§
23    841(a)(1) and 841(b)(1)(A) of conspiracy to possess with intent
24    to distribute 50 grams or more of cocaine base and marijuana.
25    Pierre was also convicted of violating 18 U.S.C. § 924(c)(1) for
26    using or carrying a firearm during or in relation to a drug
27    trafficking crime or possessing a firearm in furtherance of a
28    drug trafficking crime.  Forbes was also convicted under 21
29    U.S.C. § 861(a)(1) for, inter alia, employing co-defendant
30    Winston Banner, who was then under 18 years of age, to violate 18
31    U.S.C. § 841.

32         On appeal, Pierre challenges his section 924(c) conviction
33    and an evidentiary ruling and advances a retroactive misjoinder
34    argument.  Forbes argues that Rochester police officers took a
35    statement from him in violation of Miranda v. Arizona, 384 U.S.
36    436 (1966), disputes several evidentiary rulings, and challenges
37    two of the district court's sentencing decisions.  We dispose of
38    Forbes's Miranda argument in an opinion also filed today.  The
39    remainder of defendants' arguments we consider in this summary
40    order.
```

### Pierre's Conviction Under 18 U.S.C. § 924(c)(1)

Although conceding that the district court's jury instructions with respect to charges against him under 18 U.S.C. § 924(c)(1) were proper, Pierre contends that there was insufficient evidence to support his conviction thereunder. While mere possession of a firearm by a defendant at the time he or she is engaged in a drug trafficking crime is not alone enough to support a section 924(c) conviction, the testimony in this case would permit a rational finder of fact to conclude that Pierre used a gun during or in connection with the drug trafficking crime of which he was convicted or possessed a gun "in furtherance of" the crime. According to evidence elicited by the government, the firearm in question was found in a building where Pierre and others sold drugs, under debris on a ledge underneath the stairwell and just outside the basement door near where drugs were sold. The revolver was fully loaded, Pierre's fingerprints were on the gun, and the gun was stolen. Government witness Terrence Melford testified that he had previously seen Pierre holding the gun while drugs were being sold. This combination of facts was sufficient in these circumstances for conviction.

### Retroactive Misjoinder

Pierre argues that his trial was improperly joined with Forbes's because the jury was exposed to evidence against Forbes on a section 924(c) charge on which the jury ultimately failed to reach a verdict. Specifically, Pierre asserts that he is entitled to a new trial because he was "severely prejudiced" by testimony of Forbes's involvement in a gruesome gunfight. Pierre Br. 23-25. He is not. We find no persuasive evidence in the record of prejudicial "spillover" in this case. See United States v. Hamilton, 334 F.3d 170, 183 (2d Cir. 2003).

### The Evidentiary Rulings

Forbes argues that the district court erred by admitting testimony about Forbes's involvement in a 1998 gunfight. The district court found that Forbes's attorney had "opened the door" to this testimony by eliciting testimony from a Rochester police officer regarding his questioning of Forbes during Forbes's hospital stay following the gunfight. In light of the fact that the challenged testimony was elicited on redirect examination, and because determinations of the scope of redirect are "entrusted to a trial judge's broad discretion," United States v. Vasquez, 267 F.3d 79, 85 (2d Cir. 2001), we will not disturb the district court's ruling. We also conclude that Forbes's

contention that counsel's representation in this regard constituted ineffective assistance of counsel is unpersuasive because it appears to have been part of a reasonable trial strategy.  See United States v. Best, 219 F.3d 192, 201 (2d Cir. 2000).

Forbes also contends that the district court erred by admitting Melford's testimony regarding statements made to him by Pierre in 1998.  It was within the district judge's discretion to admit the statements under Fed. R. Evid. 801(d)(2)(E).  Even if there was no foundation regarding the conspiracy when the evidence was admitted, this Circuit permits conditional admission of co-conspirator statements under United States v. Geaney, 417 F.2d 1116, 1120 (2d Cir. 1969), and its progeny.  Forbes does not suggest that there was no evidence of a conspiracy by the end of the trial and the evidence was therefore properly admitted conditionally subject to the admission of the evidence of the conspiracy.

Forbes challenges the district court's admission of testimony concerning Forbes's prior felony conviction.  He made no such objection at trial.  We conclude that the admission of testimony regarding Forbes's prior felony conviction, whether or not "error" or "plain," did not seriously affect the fairness or integrity of the trial, or the public reputation of the proceedings, and therefore does not warrant application of Rule 52(b)'s exception to the general "raise or waive" rule.  United States v. Olano, 507 U.S. 725, 732 (1993).

Finally, both Forbes and Pierre challenge the district court's invocation of Fed. R. Evid. 608(b) to disallow cross-examination of Melford regarding a pending robbery charge.  The scope and extent of cross-examination are entrusted to the district court's "wide discretion."  United States v. Flaharty, 295 F.3d 182, 190 (2d Cir. 2002).  We see no abuse of discretion in the court's ruling.

Sentencing Rulings

Forbes argues that the district court erred when it found that he was an "organizer" or "leader" of a criminal activity under USSG § 3B1.1.  However, this classification is reviewed only for clear error.  United States v. Rodriguez-Gonzalez, 899 F.2d 177, 183 (2d Cir. 1990).  We see no clear error in the district court's deeming Forbes an organizer instead of a manager under the multifactor test specified by USSG § 3B1.1 cmt. 4.

    Forbes also disputes the district court's methodology in approximating the amount of cocaine base with which he was involved for purposes of USSG § 2D1.1(c). However, the Sentencing Guidelines permit such approximation, USSG § 2D1.1 cmt. 12, and we have previously upheld similar drug quantity estimation techniques, <u>United States v. Moreno</u>, 181 F.3d 206, 213-14 (2d Cir. 1999).

    For the foregoing reasons (as well as those stated in our accompanying opinion), the judgment of the district court is hereby AFFIRMED.

**FOR THE COURT:**
Roseann B. MacKechnie, Clerk

By: *Richard Alcantara* 
Richard Alcantara, Deputy Clerk

Date: 1/29/2004