UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

DENNIS ANTHONY FORBES

Case No. 99-CR-6089 (CJS)

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of ___ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED - **See FN 1 below**.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated:

April 17, 2023

_____
UNITED STATES DISTRICT JUDGE

**FN 1:**

The reader is presumed to be familiar with the underlying facts of Defendant Dennis Forbes' motion for compassionate release. ECF No. 341. In November of 2000, Forbes was found guilty after a jury trial of one count of conspiracy with intent to distribute and to distribute 50 grams or more of a mixture containing cocaine base, and a mixture containing marijuana in violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(A), and § 846, and one count of employing a person under 18 years of age in a drug trafficking conspiracy, in violation of 21 U.S.C. § 841(a), § 846, and § 861(a)(1). Jury Verdict, Nov. 17, 2000, ECF No. 68. In February 2007, the Court entered an amended judgment sentencing Forbes to life imprisonment. Am. J., Feb. 13, 2007, ECF No. 160. In February 2020, the Court granted Forbes' motion for a sentence reduction under the First Step Act, and reduced his term of imprisonment from life to 360 months. Order, Feb. 10, 2020, ECF No. 322.

Forbes is now again before the Court, this time pursuant to a pro se application for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The Court has construed Forbes' papers to present the strongest arguments they suggest. In support of his motion, Forbes presents as "extraordinary and compelling circumstances" justifying release many of the same arguments that he presented in his successful motion for a sentence reduction under the First Step Act: namely, the sentencing disparity between sentences for crack cocaine offenses and powder cocaine offenses, and the change in the drug laws to add enhanced penalties for "serious drug felonies" rather than simply a "felony drug offense." In addition, Forbes argues that he has serious medical conditions that make him more susceptible to contracting the Covid-19 virus in the prison environment.

There is some dispute as to whether Forbes properly exhausted his administrative remedies before filing this application. Yet even giving Forbes the benefit of the doubt, the Court concludes after thoroughly reviewing the record that Forbes has failed to demonstrate "extraordinary and compelling reasons" warranting a sentence reduction, and has failed to demonstrate that the sentencing factors set forth in 18 U.S.C. 3553(a) weigh strongly in favor of his release. After considering the "full slate" of reasons for modifying his sentence that Forbes has presented in his present motion [ECF No. 341] - including the sentencing disparity, that changes in the law, his achievements since incarceration, his health conditions, and the prison conditions in which he lives - the Court finds no extraordinary and compelling reasons warranting a modification of his imposed term of imprisonment. See United States v. Brooker, 976 F.3d 228, 236-37 (2d Cir. 2020) (finding the district court is not constrained by Guideline 1B1.13, Application Note 1(D)). With respect to the 3553(a) sentencing factors, the Court notes that the sentencing disparity argument already factored into its decision to reduce Forbes' decision in 2020, and finds that given Forbes' criminal history, his involvement of a minor in drug trafficking, and his recent prison disciplinary record reflecting three serious incidents since 2019, a further sentence modification at this time would not adequately reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense; nor would it afford adequate deterrence to criminal conduct.